UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLYN WATTS,<br><br>                              Plaintiff,<br><br>           -against-<br><br>INGRID BRITO; JASHUA WALTERS;<br>N.Y.C.H.A. SUPERVISOR; LETITIA<br>JAMES,<br><br>                              Defendants. | 1:23-CV-7836 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

   Plaintiff Carlyn Watts, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and seeking unspecified relief. He seems to be attempting to assert claims of housing discrimination. Plaintiff sues: (1) Ingrid Brito; (2) Joshua Walters, who Plaintiff appears to allege is an attorney; (3) an unidentified New York City Housing Authority ("NYCHA") supervisor; and (4) Letitia James, the Attorney General of the State of New York. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, claims under the Federal Housing Act ("FHA"), as well as claims under state and local law, including the New York State and New York City Human Rights Laws ("NYSHRL" and "NYCHRL").

   By order dated September 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

   The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff asserts that the events that are the bases for his claims occurred on May 31, 2023, at what appears to be an office of the New York City Department of Housing, Preservation, and Development. Plaintiff also alleges the following:

> Involved in non-discrimination. Mr. Carlyn Watts . . . [is] appearance with is Section 8 [NYCHA] program and new ground location 245 Hurbanton Street Apt. 3 which have been [r]emaining under [r]eparis by housing general [i]nspectors I got involved with my fair housing [a]ct? Human Rights [D]ivision and I [absurd] my application in all Human Rights . . . to this matter. I accepted my notices from housing employees and visiting all thr[ough] l[o]cated departments [B]ronx housing officers have been harass[ed] by law violations say, my Section 8 [NYCHA] has been terminated. I have accessed my fair housing lease agreement by . . . Mr. Marb who is management at this housing locations. I talked about how my housing inspection had been ac[c]omplished and [r]epair and violation determinations. Mr. Thomas Davis/Carlyn Watts housing voucher [h]old number 0249975. Please follow the rules on your fair housing discrimination my last appearance with Law Department . . . keep up fair housing.[*sic*]

(ECF 1, at 6-7.)

He alleges the following with regard to his injuries:

> Involved non-discrimination Housing Civil Court . . . Judge say, are you the Section 8 hoose holder to this unit. He say yes. The Judge [s]ay someone is bring[ing] documents/letters to this court have been involved with housing harassment violations. [*sic*]

(*Id.* at 7.)

Plaintiff states the following as to the relief he seeks:

> MD Watts I see your are involved in non-discrimination. Say . . . provisional [d]etermination court services I talk about my appearance of acknowle[d]gment to walk in the court on this day of May 31, 2023 Housing Civil Court Room 225 windows of one employee have directed me to walk in Part 881 to proceed this native at their time and matter.

(*Id.*)

## DISCUSSION

Affording Plaintiff's *pro se* complaint the special solicitude that it is due, the Court liberally construes it as asserting claims housing discrimination, specifically, violations of Plaintiff's federal constitutional right of equal protection under the law, brought under 42 U.S.C. § 1983; claims of housing discrimination, brought under the FHA; as well as claims brought under state and local law, including claims brought under the NYSHRL and the NYCHRL.

### A. Claims of violations of federal constitutional rights under 42 U.S.C. § 1983

#### 1. State action and personal involvement

To state a claim of federal constitutional violations under 42 U.S.C. § 1983, a litigant must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

NYCHA and its employees are considered to be state actors for the purpose of claims under Section 1983. *See Williams v. NYCHA*, 335 F. App'x 108, 110 (2d Cir. 2009) (summary

order); *Herbin v. City of New York*, No. 22-CV-5890 (LTS), 2023 WL 2368974, at *3 (S.D.N.Y. Mar. 6, 2023). In addition, Letitia James, in her role as a state officer – the Attorney General of the State of New York – is also a state actor for the purpose of Section 1983. *See United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("A civil cause of action under 42 U.S.C. § 1983, which provides monetary relief when state actors violate federal law or the Constitution, may deter state officers from violating the . . . [Constitution]."); *see also Puglisi v. Underhill Park Taxpayer Ass'n*, 947 F. Supp. 673, 703-04 (S.D.N.Y. 1996) ("[C]ourts have held that the state action under color of law requirement of § 1983 is not confined to the actions of a state officer but reaches the activities of private parties when the private party is 'a willful participant in joint activity with the state or its agents.'" (citations omitted)), *aff'd*, 125 F.3d 844 (2d Cir. 1997) (unpublished opinion).

A private party's actions can be considered state action in three situations: (1) when the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the private party (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted). The fundamental question under each test is whether the private party's challenged actions are "'fairly attributable'" to the State. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). "[A] State normally can be held responsible for a private decision . . . when it has . . . provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). The State's "[m]ere approval of

5

or acquiescence in the initiatives of a private party[,] [however,] is not sufficient to justify holding the State responsible for those initiatives." *Id.* at 1004-05.

Plaintiff names two state actors, the unidentified NYCHA supervisor and New York State Attorney General Letitia James, as defendants. He also names two other individuals, Ingrid Brito and Joshua Walters, about whom he does not allege any facts showing whether those defendants are state actors or non-state actor private individuals. To the extent that Plaintiff assert claims of violations of his federal constitutional rights under Section 1983, the Court grants Plaintiff leave to file an amended complaint to name as defendants individuals who are state actors, and to allege facts showing how those individuals, whether or not they are Brito and/or Walters, are state actors.

To state a claim under Section 1983 against individual state actors, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). An individual state actor defendant may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not show how any of the individuals named as defendants were directly and personally involved with the alleged violations of his federal constitutional rights. The Court therefore also grants Plaintiff leave to amend his complaint to allege facts showing how all of the individual state actors he names as defendants in his amended complaint have been personally and directly involved in the alleged violations of his federal constitutional rights.

### 2. Equal protection

To the extent that Plaintiff asserts that state actors have discriminated against him with respect to housing, the Court understands his complaint as asserting claims, under Section 1983, of violations of his federal constitutional right to equal protection under the law. The Supreme Court of the United States has "repeatedly explained . . . [that] '[a]t the heart of the Constitution's guarantee of equal protection lies the simple command that the Government must treat citizens as individuals, not as simply components of a racial, religious, sexual or national class.'" *Student for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2172 (2023) (quoting *Miller v. Johnson*, 515 U.S. 900, 911 (1995)). A plaintiff who does not allege membership in and discrimination based on one of those protected classes may state a cognizable claim of discrimination, in violation of his right to equal protection, if he establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diag. Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)); *see Holmes v. Haugen*, 356 F. App'x 507, 509 (2d Cir. 2009) (summary order). To prevail on such a "class-of-one" equal protection claim, a plaintiff must establish that he and a comparator are "*prima facie* identical*"* by showing that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in

7

> circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Hu* v. *City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (citation omitted).

Plaintiff does not allege that he has been discriminated against, in relation to his housing status, because he belongs to a protected class. The Court therefore assumes that he is asserting claims of equal protection violations under a "class-of-one" theory. Yet, he does not allege any facts showing that, with respect to housing, he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. The Court therefore grants Plaintiff leave to amend his complaint to allege facts showing that at least one of the state actors that he names as a defendant in his amended complaint, with respect to housing, has intentionally treated him differently from others similarly situated and that there has been no rational basis for the difference in treatment.

**B.     Claims under the FHA**

The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Among other things, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability.[1] 42 U.S.C. § 3604(b), (f).

Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that he is "'a member of a protected class,' suffered relevant 'adverse'

---

[1] "To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

treatment, and 'can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (summary order) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original, footnote omitted)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove that [his] protected status was a but-for cause of the adverse action [he] suffered, but only a motivating factor." *Id.* at 46 (citing *Vega*, 801 F.3d at 86); *e.g.*, *Sykes v. NYCHA*, No. 1:22-CV-2127, 2022 WL 875902 (MKV), at *2 (S.D.N.Y. Mar. 24, 2022). "Aggrieved persons have long been permitted to assert [FHA] claims against individual defendants who engaged in affirmative acts of discrimination or enforced a corporation's discriminatory rules or policies." *Andujar v. Hewitt*, No. 02-CV-2223 (SAS), 2002 WL 1792065, at *10 (S.D.N.Y. Aug. 2, 2002) (collecting cases).

Because Plaintiff's complaint is difficult to understand, the Court cannot discern facts sufficient to state a claim of intentional discrimination under the FHA. The Court grants Plaintiff leave to amend his complaint to allege facts sufficient to state such a claim; he must allege facts showing that at least one of his characteristics that is protected by the FHA was at least a motiving factor in the alleged discrimination in housing that he has experienced, and that such discrimination was the result of the affirmative acts or enforcement of at least one of the individual defendants named in the amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

9

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 and/or under the FHA, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the limitation periods governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the applicable limitation periods expire. Should Plaintiff seek to add a new claim or party after the applicable limitation periods have expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "John Doe NYCHA official who was on duty in my building during the 7 a.m. to 3 p.m. shift on August 31, 2023."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-7836 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to

comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state and local law, including Plaintiff's claims under the NYSHRL and the NYCHRL.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 27, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge