UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLYN WATTS,

                Plaintiff,

        -against-

INGRID BRITO, et al.,

                Defendants.

1:23-CV-7836 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment date January 30, 2024, and entered on February 2, 2024, the Court dismissed this *pro se* action. (ECF 5 & 6.) On February 12, 2024, the Court received from Plaintiff a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), and a motion for leave to proceed *in forma pauperis* ("IFP") on appeal.[1] (ECF 7 & 8.)

      For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary and denies his motion for leave to proceed IFP as moot.

## DISCUSSION

**A.    Rule 4(a)(5) motion**

      A party normally has 30 days from the entry date of the order or judgment being challenged to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A). Thus, Plaintiff has until March 4, 2024, to file a timely notice of appeal.[2] The Court received Plaintiff's notice of

---

[1] Plaintiff also filed a blank and unsigned application to appeal IFP form. (ECF 8, at 6-11.)

[2] Because the last day of that 30-day period actually falls on Sunday, March 3, 2024, the applicable period expires on the next court-business day, Monday, March 4, 2024. *See* Fed. R. App. P. 26(a)(1)(C).

appeal on February 12, 2024, before the relevant period to file his notice of appeal expires. (ECF 8.) Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion for an extension of time to file a notice of appeal as unnecessary.

**B.     IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its January 30, 2024 order and judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 5 & 6), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's January 30, 2024 order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal as moot.

## CONCLUSION

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 7), as unnecessary, because his notice of appeal (ECF 8) is timely. The Court also denies Plaintiff's motion for leave to proceed IFP (*id.*) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   February 26, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge